IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MELVIA SPANN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-299-G-BN |
| | § | |
| SELECT PORTFOLIO SERVICING INC., ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should deny the Federal Rule of Civil Procedure 12(b)(3)/28 U.S.C. § 1406-based motion to dismiss filed by Defendants Select Portfolio Servicing, Inc. and U.S. Bank National Association, as trustee for the holders of the Asset Backed Pass-Through Certificates, Series 2002-HE1, *see* Dkt. No. 10, but nevertheless dismiss this action without prejudice under Federal Rule of Civil Procedure 41(b) for Plaintiff Melvia Spann's failure to prosecute and obey orders of the Court.

**Applicable Background**

Plaintiff filed this *pro se* action on February 1, 2017, alleging a single cause of action under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.*

("RESPA"), and its implementing regulation, 12 C.F.R. § 1024 *et seq.* ("Regulation X"). *See* Dkt. No. 3. Although she moved for leave to proceed *in forma pauperis* ("IFP"), a party upon which Plaintiff attempted to serve her complaint provided evidence to the Court on February 3, 2017 that prevented the Court from making an IFP determination absent further verified documentation from Plaintiff. *See* Dkt. No. 7. The Court therefore entered a questionnaire on February 6, 2017 to obtain that information (and other information necessary to screen Plaintiff's complaint). *See* Dkt. No. 9 (cautioning Plaintiff that "[f]ailure to provide answers to all questions may result in the dismissal of the complaint for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)"); *see also* Dkt. No. 8.

Defendants moved to dismiss this action on February 23, 2017. *See* Dkt. No. 10. And Plaintiff failed to respond to that motion as ordered by the Court. *See* Dkt. No. 11; *see also* Dkt. No. 12.

As of today – more than three months past that deadline to respond to the motion to dismiss, more than four months past to deadline to respond to the Court's questionnaire, and more than five months since Plaintiff filed this action – Plaintiff has failed to respond to the two orders of the Court and otherwise failed to contact the Court.

## Legal Standards and Analysis

Rule 12(b)(3)/Section 1406 Motion to Dismiss

Defendants argue that this action should be dismissed (or alternatively

-2-

transferred to the Southern District of Texas) as venue is not proper in this Court, "because the instant suit is a 'local' action and the property at issue ... is located within the Southern District of Texas." Dkt. No. 10 at 3 (further arguing that the venue "determination depends on whether the action is 'local' or 'transitory'; that "[28 U.S.C. §] 1391 governs transitory actions, while Section 1392 governs local actions"; that "[u]nder the local action doctrine, a suit involving real property, as opposed to a transitory action, must be brought within the territorial boundaries in which the land is located"; and that "[t]ransitory actions, on the other hand, can usually be brought in any court having personal jurisdiction over the defendant").

"The local action doctrine is a relic of English common law imported into this country by Chief Justice Marshall while sitting as a circuit judge in *Livingston v. Jefferson*, 15 Fed. Cas. 660 (C.C.D. Va. 1811) (No. 8,411). [And, while i]t is not frequently invoked by the courts," *Prawoto v. PrimeLending*, 720 F. Supp. 2d 1149, 1152 (C.D. Cal. 2010) (citing *Bigio v. Coca-Cola Co.*, 239 F.3d 440, 450 (2d Cir. 2000); internal quotation marks omitted), "this concept ... now is established firmly in our jurisprudence," and *Livingston* "makes it as clear as anything can be that this distinction exists and that local actions can be brought only where the property involved in the action is located," *id.* (citing 14D CHARLES D. WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE, § 3822 (2009); bracket omitted); *see Trust Co. Bank v. U.S. Gypsum Co.*, 950 F.2d 1444, 1448-49 (5th Cir. 1992) ("Since *Livingston*, the common law local action doctrine has become

ingrained in American jurisprudence. State and federal courts alike have recognized and applied the rule. Only a handful of jurisdictions have rejected the local action doctrine." (collected cases omitted)); *Hayes v. Gulf Oil Corp.*, 821 F.2d 285, 287 (5th Cir. 1987) ("The local action rule is so fundamental that state courts are not obligated to give full faith and credit to judgments from either federal or state courts sitting outside the local state's territorial boundaries." (citations omitted)).

Although Defendants frame their local-action-doctrine motion as based on venue, the United States Court of Appeals for the Fifth Circuit recently reaffirmed (albeit in an unpublished opinion) that, at least in this circuit, the doctrine instead limits federal courts' subject matter jurisdiction. *See Boaz Legacy, L.P. v. Roberts*, 628 F. App'x 318, 319 (5th Cir. 2016) (per curiam) ("Even where the requirements of diversity jurisdiction are met, the subject matter jurisdiction of the federal courts is limited by the local action doctrine."); *see also Hayes*, 821 F.2d at 287 ("[F]ederal and state courts lack jurisdiction over the subject matter of claims to land located outside the state in which the court sits."); *id.* at 291 ("The assertion that an action is local raises more than the court's venue."); *but see Hallaba v. Worldcom Network Servs., Inc.*, 196 F.R.D. 630, 647-50 (N.D. Okla. 2000); *Fisher v. Va. Elec. & Power Co.*, 243 F. Supp. 2d 538, 556-59 (E.D. Va. 2003) (treating the doctrine as a matter of venue).

The Fifth Circuit has summarized the doctrine as applicable to cases in Texas:

> Under the local action doctrine, a local action involving real property can only be brought within the territorial boundaries of the state where the land is located, and thus courts lack jurisdiction over the subject matter of claims to land located outside the state in which the court sits. The

> local action doctrine applies equally to state courts. The law of the forum state determines whether an action is local, and under Texas law, actions that seek adjudication of title to real property are local in nature and must be brought where the land is situated.

*Roberts*, 628 F. App'x at 319 (citations, brackets, and quotation marks omitted); *see also, e.g., Bailey v. Shell W. E&P, Inc.*, 609 F.3d 710, 722 (5th Cir. 2010) ("Bailey and Ptasynski's claims do not require any adjudication of title to real property and therefore do not fall within the scope of the local action doctrine.... Because parties only dispute Shell's obligations under a contract related to real property, the local action rule does not control.").

Here, Defendants attempt to stretch the doctrine beyond its application to the adjudication of title to real property to fit this action, in which Plaintiffs specifically seeks only "actual damages with interest, costs and attorney's fees" for Defendants' purported violation of RESPA and Regulation X. Dkt. No. 3 at 3. The complaint's allegations do not put at issue title to property encumbered by a mortgage. But Defendants claim that "local actions are those which *directly* affect real property." Dkt. No. 10 at 3 (citation omitted; emphasis in original); *see id.* at 4 ("Plaintiff['s] seeking remedies against Defendants based on violations of [RESPA], in connection with Plaintiff's Property located in Houston, Texas" amounts to "a claim [that] directly affects the property at issue. For that reason, the instant suit is a local action." (citation omitted)). This characterization of the doctrine is too broad – at least under Texas law.

Merely seeking statutory damages (along with costs and fees) for alleged

-5-

violations of a federal statute related to a mortgage no more amounts to bringing an action adjudicating title to property encumbered by that mortgage than filing a contract action "related to real property." *Bailey*, 609 F.3d at 722; *see also Fisher*, 243 F. Supp. 2d at 553 ("[T]here is no warrant to apply the doctrine based solely on a conclusion that an action is generally related to property or its disposition. As a result, this action is transitory in nature because the principal and fundamental question is one of contract construction, not trespass. There is no question that Plaintiffs own the land at issue, and that VEPCO owns easements burdening that land. The central dispute is the rights of the parties according to the agreements creating those easements."). *Cf. Prawoto*, 720 F. Supp. 2d at 1158 ("Prawoto seeks a combination of money damages and rescission or other termination of a contract granting PrimeLending a security interest in the Texas property, due primarily to a threat that PrimeLending will foreclose on the property. The main relief sought is the vesting of title to the property in Prawoto free of liens. Indeed, in the opening paragraphs of Prawoto's complaint, she notes that 'there is a threat of foreclosure on her home.' Prawoto's action, therefore, is local." (interpreting California law; footnote omitted)).

The Court should therefore deny Defendants' motion based on the local action doctrine.

Failure to Prosecute

Under Federal Rule of Civil Procedure 41(b), "a district court may dismiss an action *sua sponte* if the plaintiff fails to comply with court orders." *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (citing FED. R. CIV. P.

41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)). Under the same rule, a district court also "may *sua sponte* dismiss an action for failure to prosecute." *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (citations omitted)). Such authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

> Although "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'"

*Nottingham*, 837 F.3d at 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam) (in turn quoting *Callip v. Harris Cty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985)))[1]; *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "'include assessments of fines, costs, or damages against the plaintiff,

---

[1] *See also Long*, 77 F.3d at 880 (a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile); *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 327 (5th Cir. 2008) ("recognized that it is not a party's negligence – regardless of how careless, inconsiderate, or understandably exasperating – that makes conduct contumacious; instead it is the stubborn resistance to authority which justifies a dismissal with prejudice" (internal quotation marks omitted)); *Coleman v. Sweetin*, 745 F.3d 756, 767 (5th Cir. 2014) (explaining that a certain level of "recalcitrance" is required by its case law "for a dismissal with prejudice").

conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

By failing to comply with the Court's orders, Plaintiff has prevented this action from proceeding, and she therefore has failed to prosecute her lawsuit and obey the Court's order. A Rule 41(b) dismissal of this lawsuit without prejudice is warranted under these circumstances. And the undersigned concludes that lesser sanctions would be futile. The Court is not required to delay the disposition of this case until such time as Plaintiff decides comply with the Court's orders. Accordingly, the Court should exercise its inherent power to prevent undue delays in the disposition of pending case and *sua sponte* dismiss this action without prejudice.

**Recommendation**

The Court should deny the Defendants' motion to dismiss [Dkt. No. 10] but nevertheless dismiss this action without prejudice under Rule 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: July 11, 2017

                                          DAVID L. HORAN
                                          UNITED STATES MAGISTRATE JUDGE